IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CR-61-FL-1
No. 4:16-CV-259-FL

| | |
|---|---|
| CHARLES STEVEN McDONALD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 78). Also before the court is the government's motion to dismiss or, in the alternative, for summary judgment (DE 88). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion.

## BACKGROUND

On September 3, 2013, the grand jury returned a three-count indictment, charging petitioner with the following: possession with intent to distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count One); and distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three). At his January 6, 2014 arraignment, petitioner pleaded not guilty to the indictment. On February 3, 2014, the government moved to dismiss Count One, and the court granted the motion. Following a two-day jury trial,

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

petitioner was found guilty of Count Two but was acquitted of Count Three. On September 3, 2014, petitioner was sentenced to 210 months' imprisonment. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed the court's judgment.

On October 13, 2016, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, arguing that his attorney provided ineffective assistance of counsel in the following respects: 1) failing to file pretrial or post-trial motions; 2) failing to subpoena petitioner or his family; 3) failing to inform the court that the jury foreman was the brother of an inmate he had a confrontation with at Brunswick County Jail; 4) failing to notify the court that he claimed to have distributed powder cocaine instead of crack cocaine; 5) failing to challenge portions of a video admitted at trial; 6) assuming petitioner was guilty and asking him about serving as an informant; 7) failing to respond when a threatening letter was read during arraignment; 8) rarely coming to visit; 9) failing to meet with petitioner to discuss his Presentence Investigation Report ("PSR") until the day before sentencing; 10) failing to challenge the advisory guideline range and/or the statutory enhancement under 21 U.S.C. § 851; and 11) failing to act on information petitioner allegedly provided regarding Lawrence McNeil. As a twelfth claim, petitioner argues that he did not understand his charges as addressed during arraignment.

In its motion, the government argues that petitioner's § 2255 motion should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, the government argues that to the extent the court relies on the affidavit of attorney Geoffrey W. Hosford (DE 94-1), this court should allow summary judgment in favor of the government.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was

2

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.	Analysis

    1.	Petitioner's claim that he did not understand his charges

In his twelfth claim, petitioner argues that he did not understand his charges as addressed during arraignment. (DE 78 at 8). In support of this claim, petitioner contends that he specifically informed the court that did not understand the charges. (Id.)

This claim fails because it is belied by the record. At his arraignment, held on January 6, 2014, petitioner was advised that Counts Two and Three each charged him with the same crime and each had the same penalty. See Jan. 6, 2014 Tr. (DE 70) at 22:22-24. Petitioner was asked if he understood, and he responded, "Somewhat." Id. at 22:25. The court then proceeded to address, at length, the penalties for Counts Two and Three. Id. at 23:1-19. Following this explanation, petitioner was asked, once again, if he understood. Id. at 23:20. Petitioner responded affirmatively. Id. at 23:21.

Petitioner is bound by his declarations during arraignment, and his current allegations to the contrary must be rejected. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are

3

always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Consequently, petitioner's twelfth claim must be dismissed.

    2.      Petitioner's ineffective assistance of counsel claims

Petitioner has raised eleven ineffective assistance of counsel claims. See Mot. Vacate (DE 78). In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must show that the representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Under the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This court will apply the Strickland standard to each of petitioner's ineffective assistance of counsel claims in turn.

        a.      Petitioner fails to state a claim of ineffective assistance of counsel in his first, second, fifth, sixth, seventh, eighth, and ninth claims.

            i.      Failing to file pretrial or post-trial motions

In his first claim, petitioner alleges that his attorney provided ineffective assistance by failing to file pretrial or post-trial motions. Mot. Vacate (DE 78) at 4. This claim fails under Strickland's performance prong for lack of specificity because petitioner fails to allege what motions were necessary and why it was deficient performance that those motions were not filed. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[A] habeas petition is expected to state facts that point

4

to a real possibility of constitutional error.") (citation omitted)). This claim also fails under the prejudice prong because petitioner has failed to allege any prejudice. Accordingly, petitioner's first claim will be dismissed.

          ii.       Failing to subpoena petitioner or his family

Petitioner alleges in his second claim that his attorney provided ineffective assistance by failing to subpoena petitioner or his family. Mot. Vacate (DE 78) at 4. This claim fails under the performance prong of Strickland because it is within trial counsel's purview to call those witnesses that he believes will advance the case. See Dyess, 730 F.3d at 364 ("[W]e give counsel wide latitude in determining which witnesses to call as part of their trial strategy."); see also Pruett v. Thompson, 996 F.2d 1560, 1571 n.9 (4th Cir. 1993) ("[A]ttorneys have great latitude on where they can focus the jury's attention and what sort of mitigating evidence they can choose not to introduce.").

Moreover, petitioner does not allege any information that he provided to counsel regarding either himself or his family that would reasonably have led counsel to pursue such witnesses for trial. See Strickland, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."). This claim also fails under the prejudice prong because petitioner has failed to allege any prejudice. Consequently, petitioner's second claim will be dismissed.

          iii.       Failing to challenge portions of a video admitted during trial

In his fifth claim, petitioner alleges that his attorney provided ineffective assistance by failing to challenge portions of a video admitted during trial. Mot. Vacate (DE 78) at 4. This claim fails under the performance prong of Strickland because petitioner is attempting to challenge his

5

attorney's strategic trial decisions. The Supreme Court has cautioned that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" Strickland, 466 U.S. at 689. Moreover, there is a presumption that an attorney provided adequate representation. Id. Finally, tactical and strategic choices made by counsel following due consideration do not constitute ineffective assistance of counsel. Id. This claim also fails under the prejudice prong because petitioner has failed to allege any prejudice. Accordingly, petitioner's fifth claim will be dismissed.

      iv. Assuming petitioner was guilty and asking him about serving as an informant

Petitioner alleges in his sixth claim that his attorney provided ineffective assistance by assuming petitioner was guilty and asking him about serving as an informant. Mot. Vacate (DE 78) at 5. This claim fails under the prejudice prong of Strickland because petitioner has failed to allege any prejudice. Because petitioner has made an insufficient showing on the prejudice prong, this court need not address the performance prong. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one."). Accordingly, petitioner's sixth claim will be dismissed.

      v. Failing to respond when a threatening letter was read during arraignment

In his seventh claim, petitioner alleges that his attorney provided ineffective assistance by failing to respond when a "so-called" threatening letter was read during arraignment. Mot. Vacate (DE 78) at 5. At petitioner's arraignment, held on January 6, 2014, he pleaded not guilty to the Indictment. See Jan. 6, 2014 Tr. (DE 70) at 22:14-19. The Assistant United States Attorney

6

("AUSA") had a letter and represented that the government needed a continuance of the trial to "see if there's anything more to it." Id. at 17:8-12. The AUSA explained that he intended to get a copy of petitioner's jail calls to see if there were any threats relayed on those calls. Id. at 17:16-18. In light of defense counsel's objection to the requested continuance, the AUSA explained that on December 31, 2013, he was contacted by the United States Marshal Service and advised of a potential threat to a government witness in petitioner's case. Id. at 24:4-7. Ultimately, the court continued petitioner's trial to the next term of court. Id. at 18:10-11; 19:4-8.

This claim fails under the performance prong because defense counsel did respond when the issue of the threatening letter was raised during petitioner's arraignment. Defense counsel made the tactical move of objecting when the AUSA requested a continuance to further investigate. This claim also fails under the prejudice prong because petitioner has failed to allege any prejudice. Moreover, there was no prejudice because no additional charges were ultimately filed against petitioner. Consequently, petitioner's seventh claim will be dismissed.

      vi.  Infrequent attorney visits

Petitioner alleges in his eighth claim that his attorney provided ineffective assistance by rarely coming to visit. Mot. Vacate (DE 78) at 5. Petitioner has failed to state a claim under Strickland because he has not alleged any prejudice. In particular, petitioner has failed to suggest how his attorney's alleged rare visits impacted the outcome of his case. A review of the record reveals that under the circumstances petitioner faced, defense counsel obtained a relatively favorable outcome. As noted, originally petitioner was charged with three felony offenses in an indictment. See Indictment (DE 1). On February 3, 2014, the government moved to dismiss Count One, and the court granted the motion. Following a two-day jury trial on the remaining two counts, petitioner was

found guilty of Count Two and was acquitted of Count Three. See Jury Verdict (DE 39).

In sum, petitioner's claim must fail because he has not alleged prejudice. Petitioner has made an insufficient showing on the prejudice prong; thus, this court need not address the performance prong. See Strickland, 466 U.S. at 697. Consequently, petitioner's eighth claim will be dismissed.

> viii. Failing to meet with petitioner to discuss his PSR until the day before sentencing

In his ninth claim, petitioner alleges that his attorney provided ineffective assistance by failing to meet with petitioner to discuss his PSR until the day before sentencing. Mot. Vacate (DE 78) at 6. According to petitioner, he discovered numerous mistakes in the PSR. Id. This claim must fail under Strickland because petitioner has failed to sufficiently allege prejudice. In particular, petitioner has not alleged that if his attorney had met with him earlier he would have received a more favorable sentence. Because petitioner has made an insufficient showing on the prejudice prong, this court need not address the performance prong. See Strickland, 466 U.S. at 697. Accordingly, petitioner's ninth claim will be dismissed.

> b. The government is entitled to summary judgment on petitioner's third, fourth, tenth, and eleventh claims.

> i. Failing to inform the court about jury foreman

In his third claim, petitioner alleges that his attorney provided ineffective assistance by failing to inform the court that the jury foreman was the brother of an inmate he had a confrontation with at Brunswick County Jail. Mot. Vacate (DE 78) at 4. Petitioner's trial counsel, Hosford, represents that during jury selection, petitioner did not advise him that the foreperson of the jury was related to a man with whom petitioner had an altercation at the Brunswick County Jail. Hosford Aff.

8

(DE 94-1) ¶ 36. In fact, Hosford states that this information was not conveyed to him at <u>any</u> point during petitioner's trial. <u>Id.</u> ¶ 37. Hosford concludes that if petitioner had mentioned this information to him, he would have moved for permission to challenge that juror for cause or, in the alternative, he would have moved for permission to remove that juror with a peremptory challenge. <u>Id.</u> ¶ 38.

Petitioner has presented only his bare allegations that Hosford erred by failing to inform the court of a potential conflict. The government, on the other hand, has presented the sworn affidavit of petitioner's trial counsel averring lack of knowledge of any conflict. In sum, petitioner has failed to raise a genuine issue of material fact on the performance prong of <u>Strickland</u>. Because, petitioner has made an insufficient showing on the performance prong, this court need not address the prejudice prong. <u>See</u> <u>Strickland</u>, 466 U.S. at 697. Consequently, the government is entitled to summary judgment on petitioner's third claim.

ii. Failing to notify the court regarding <u>powder</u> cocaine

In his fourth claim, petitioner alleges that his attorney provided ineffective assistance by failing to notify the court that he claimed to have distributed <u>powder</u> cocaine instead of <u>crack</u> cocaine. Mot. Vacate (DE 78) at 4. This claim fails under the performance prong of <u>Strickland</u> because petitioner has failed to suggest how it would have been beneficial for his attorney to concede that he distributed powder cocaine. Moreover, petitioner's attorney may have deemed it more advantageous not to admit that petitioner was distributing drugs at all. <u>See</u> <u>Call v. Branker</u>, 254 F. App'x 257, 270 (4th Cir. 2007) (noting that the proper focus is "not on what could have been done differently, but on whether what was done was constitutionally effective representation."). Indeed, it was more advantageous to petitioner because he was acquitted of Count Three, a cocaine

9

distribution charge. Petitioner has made an insufficient showing on the performance prong; thus, this court need not address the prejudice prong. See Strickland, 466 U.S. at 697. Accordingly, the government is entitled to summary judgment on petitioner's fourth claim.

### iii. Failing to raise challenges to the guideline range or enhancements

Petitioner alleges in his tenth claim that his attorney provided ineffective assistance by failing to raise challenges to the advisory guideline range and/or the statutory enhancement under 21 U.S.C. § 851. Mot. Vacate (DE 78) at 6. Petitioner fails to raise a genuine issue of material fact on the issue of prejudice because he submitted his objections before this court in a pro se filing. See Objections (DE 46-1). Also, at sentencing, the government generally responded to those objections. See Sept. 3, 2014 Tr. (DE 73) at 5:16-25; 6:1-13. Moreover, at sentencing, the government moved to dismiss the § 851 enhancement, id. at 3:8-10, and the court allowed the motion, id. at 3:11.

In sum, petitioner has made an insufficient showing on the prejudice prong; thus, this court need not address the performance prong. See Strickland, 466 U.S. at 697. Consequently, the government is entitled to summary judgment on petitioner's tenth claim.

### iv. Failing to act on the information regarding McNeil

In his eleventh claim, petitioner alleges that his attorney provided ineffective assistance by failing to act on the information he allegedly provided regarding an inmate named McNeil, who petitioner contends the AUSA wanted to "appear" at his trial. Mot. Vacate (DE 78) at 8.

Hosford recalls petitioner mentioning an alleged meeting between McNeil and AUSA Lathan, and Hosford believes he inquired of AUSA Lathan whether McNeil would be a witness for the government at trial. Hosford Aff (DE 94-1) ¶ 43. Hosford does not recall McNeill being a witness at petitioner's trial. Id. According to Hosford, "any alleged meeting between [AUSA]

Lathan and McNeil had no significance to petitioner's defense as [he] could ascertain." Id. ¶ 44.

On the issue of prejudice, petitioner's conclusory allegations regarding McNeil stand in contrast to the government's sworn affidavit from Hosford. In sum, petitioner has failed to raise a genuine issue of material fact on the issue of prejudice. Because petitioner has made an insufficient showing on the prejudice prong, this court need not address the performance prong. See Strickland, 466 U.S. at 697. Accordingly, the government is entitled to summary judgment on petitioner's eleventh claim.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. Daniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 78) and GRANTS the government's motion (DE 88). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 27th day of April, 2017.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge